IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL DEAN COOTS,           )
                              )
         Plaintiff,           )
                              )
                              )    No. CIV-16-818-F
v.                            )
                              )
OKLAHOMA COUNTY, et al.,      )
                              )
         Defendants.          )

REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee/prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff states in his Complaint that he is also seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and "habus [sic] corpus." The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

I. Statutory Screening of Prisoner Complaints

The court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the

complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Complaint

In his Complaint filed July 20, 2016, Plaintiff states that he is a pretrial detainee and also a convicted and sentenced state prisoner. Plaintiff states he is confined at the Cleveland County Detention Center in Norman, Oklahoma. The Defendants named in the Complaint are: Oklahoma County, Cleveland County, Kay County, Oklahoma County District Attorney Prater, an unidentified "District Judge of Okla. Co.," Cleveland County District Attorney Mashburn, an unidentified "Cleveland Co. District Judge," an unidentified "Kay County D.A. and Judge" in Kay County, and unidentified "court aponited [sic] lawyers" in Kay County.

The gist of Plaintiff's first claim is that he has been denied a speedy trial in a criminal case pending in the District Court of Oklahoma County. Plaintiff alleges that he "asked Oklahoma County for a fast and speedy trial on April 7, 2016 . . . when I was in prison at Lawton, Okla. And filed for a writ [sic] motion to dismiss case [number] CF-13-1933 on Dec. 10, 2015." Complaint, at 5. As relief, Plaintiff demands one million dollars in damages from Oklahoma County, "Oklahoma County D.A. David W. Prater and Oklahoma County District Judge." Plaintiff also demands that "all cases [be] thrown out."

The gist of Plaintiff's second claim is that he has been detained on "false charges" and that his speedy trial rights have been denied in a criminal case pending in the District Court of Cleveland County, identified as "Case # CF-14-228." As relief, Plaintiff demands two million dollars in damages from Cleveland County, "Cleveland County D.A. Greg Mashburn and Cleveland County District Judge."

3

In Plaintiff's third and final claim, Plaintiff alleges that "Kay County Courts has me on double jeporady [sic] on Case # CF-2009-615 and Kay County Court denied me accsses [sic] to the law library when I was pro se in 2013 [and] 14." As relief, Plaintiff demands four million dollars in damages from Kay County, "Kay County D.A. and Judge and Court apointed [sic] lawyers." In his request for relief concerning all of his claims, Plaintiff also demands that "all cases [be] thrown out."

III. Absolute Immunity - State Judges

A state judge is absolutely immune from liability in a 42 U.S.C. § 1983 action for the performance of all actions taken in the judge's judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362-364 (1978). See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)); Crudup v. Schulte, 12 Fed. App'x 682, 686 (10th Cir. 2001)(unpublished op.)(state court judge was entitled to absolute immunity for his act of finding probable cause and binding plaintiff over for trial).

It is clear from the face of the Complaint that Defendants "District Judge of Okla. Co.," "Cleveland Co. District Judge," and Kay County "Judge" are absolutely immune from this §1983 action. Plaintiff's cause of action against these unnamed Defendants who are state judges is based entirely on actions taken by the judges in their judicial capacities in criminal proceedings involving Plaintiff.

Plaintiff has not alleged, and there are no facts in the Complaint from which to infer

4

that the courts in which these judges presided over criminal proceedings involving Plaintiff lacked jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(*per curiam*) (judicial immunity is overcome only when the judge's "actions [are] not taken in the judge's judicial capacity" and when the judge's "actions though judicial in nature, [are] taken in the complete absence of all jurisdiction").

Accordingly, Plaintiff's 42 U.S.C. § 1983 action against Defendants "District Judge of Okla. Co.," "Cleveland Co. District Judge," and Kay County "Judge" should be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the grounds of failure to state a claim for relief and absolute immunity.

IV. Absolute Immunity - State Prosecutors

A prosecutor is entitled to absolute immunity from a § 1983 action concerning any advocacy-related decisions in initiating a prosecution and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted), cert. denied sub nom. Ritz v. Gagan, 513 U.S. 1183 (1995). This immunity extends to prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 910th Cir. 2009). This immunity is not defeated by allegations of perjury, suppression

5

of evidence, or other wrongdoing. Esquibel v. Brian Williamson, 421 Fed.Appx. 813, 816 (10th Cir. 2010)(unpublished order)("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence.").

It is clear from the face of the Complaint that Defendants are absolutely immune from this §1983 action. Plaintiff's cause of action against these unnamed Defendants who are state prosecutors is based entirely on actions taken by the prosecutors in initiating a prosecution and presenting the State's case in criminal proceedings involving Plaintiff.

Accordingly, Plaintiff's 42 U.S.C. § 1983 action against Defendants "Oklahoma County D.A. David W. Prater," "D.A. Greg Mashburn," and Kay County "D.A." should be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the grounds of failure to state a claim for relief and absolute immunity.

V. Municipal Liability

For a municipality to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted).

In his Complaint, Plaintiff sues Defendants Oklahoma County, Cleveland County, and Kay County. But nowhere in his Complaint does Plaintiff allege that a municipal policy or custom caused a constitutional deprivation. Plaintiff alleges he has pending criminal charges in Oklahoma County District Court and that he has been denied a "fast and speedy trial" on

6

those unidentified charges. Plaintiff alleges that he has pending criminal charges in Cleveland County District Court and that he has been denied a "fast and speedy trial" on those unidentified "false" charges. Plaintiff alleges that he has pending criminal charges in Kay County District Court that somehow constitute double jeopardy and that he was denied access to a law library when he was proceeding without counsel in 2013 and 2014. None of Plaintiff's claims implicate a municipal policy or custom as a motivating factor in the alleged constitutional deprivations.

Accordingly, Plaintiff's 42 U.S.C. § 1983 action against Defendants Oklahoma County, Cleveland County, and Kay County should be dismissed pursuant to 28 U.S.C. §§1915A and 1915(e)(2)(B) on the ground of failure to state a claim for relief.

VI. <u>Habeas Corpus Remedy</u>

In his Complaint, Plaintiff requests as relief two million dollars in damages and to "have all cases thrown out." Plaintiff's demand seeking to have criminal charges dismissed or to have convictions reversed is in essence a demand for habeas relief.

Before a federal court may grant habeas relief to a state prisoner, however, the prisoner must have exhausted his remedies in state court, or demonstrated that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

7

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

It is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement prior to seeking habeas relief in this Court. Petitioner has not demonstrated that requiring him to exhaust available state judicial remedies would be futile. Under these circumstances, the Petition should be dismissed without prejudice for lack of exhaustion. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

## VII. Heck's Bar to Section 1983 Relief

In Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Supreme Court affirmed that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Because of this exclusive habeas remedy, the Court held that damages may not be recovered in a 42 U.S.C. § 1983 action "for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. In the absence of such proof, a § 1983 action has not yet accrued, and the §1983 action is dismissed without prejudice as "premature under *Heck*." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556 (10th Cir. 1999).

With respect to Plaintiff's § 1983 claims seeking damages, Plaintiff's claims that he has been denied a speedy trial, that he is being detained on "false charges," and that his double jeopardy rights have been violated would, if successful, imply the invalidity of his pretrial detention. Thus, these claims are barred by Heck as Plaintiff has not demonstrated that any conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal with authority to make such a determination, or called into question by the issuance of a federal writ of habeas corpus.

Accordingly, Plaintiff's 42 U.S.C. § 1983 claims seeking damages from Defendants with respect to all of his claims except the claim in ground three that he was denied access to a law library should be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the ground of failure to state a claim for relief.

VIII. Denial of Physical Access to a Law Library

The Supreme Court has recognized that inmates have a constitutionally-protected right

of access to the courts, and States must affirmatively assure that inmates are provided "meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 820-21, 824 (1977). Because there is no "abstract, freestanding right to a law library or legal assistance," however, an inmate alleging a denial of his right of access to the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." Lewis v. Casey, 518 U.S. 343, 351, 356 (1996). See Christopher v. Harbury, 536 U.S. 403, 412-416 (2002)(recognizing that inmates alleging a denial of the right of access to the courts must show either "systemic official action [which] frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time" or a claim that "cannot now be tried (or tried with all material evidence) . . . [because past official action] caused the loss or inadequate settlement of a meritorious case . . . .").

In his third ground for § 1983 relief, Plaintiff alleges, in part, that "Kay County Court denied me accsses [sic] to the law library when I was pro se in 2013 [and] 2014." The Defendants named in this claim are "Kay County D.A. and Judge and Court apointed [sic] lawyers." With his bareboned allegation that he was denied physical access to a law library while confined in Kay County on pending criminal charges, Plaintiff has not alleged a viable § 1983 claim because he fails to allege facts identifying any actual injury resulting from the alleged denial of physical access to a law library. See Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)(finding prisoner's claim of denial of access to a law library and allegations

that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts). Thus, this claim should be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the ground of failure to state a claim for relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim upon which relief may be granted and on immunity grounds. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ September 8th _____, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __15th__ day of ____August____, 2016.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE